UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARILYNN ENGLISH, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:13-cv-00265-DBH |
| | ) |
| BANK OF AMERICA NA, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION CONCERNING REMOVAL JURISDICTION[1]
AND DEFENDANTS' MOTION TO DISMISS**

Defendant Bank of New York Mellon, with the consent of co-defendant Bank of America, removed this action from Washington County Superior Court on July 22, 2003. The defendants then filed a motion to dismiss. Marilynn English opposed both the removal and the motion to dismiss within 30 days of the removal and her filings will be construed to include a motion to remand. The Court referred these matters for report and recommended decision. I conclude that Bank of New York Mellon has failed to carry its burden of establishing that the action was

---

[1] There is a split of authority whether a remand order falls within a magistrate judge's referral authority to issue orders concerning non-dispositive matters or falls within that category of dispositive matters requiring proposed findings and a recommendation to the district court judge. Compare Fed. R. Civ. P. 72(a) with 72(b) and see Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 12-13 (1st Cir. 1992) (per curiam). I have erred on the side of caution and treated the issue as a dispositive matter for purposes of magistrate judge referral jurisdiction under 28 U.S.C. § 636(b)(1), as have other magistrate judges in this circuit, e.g., Haber v. Massey, 904 F. Supp. 2d 136, 138 (D. Mass. 2012) (Neiman, Mag. J.), although there is a split of authority among magistrate judges within the first circuit districts. I note that this Court has previously addressed an order of remand as a non-dispositive matter. Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 594 F. Supp. 583, 585-86 (D. Me.) (Carter, J., affirming order of remand by Hornby, Mag. J., based on the "clearly erroneous or contrary to law" standard of 28 U.S.C. § 636(b)(1)(A)). Magistrate Judge Neiman has canvassed the split of authority and has noted that at least four circuit courts of appeals have come to hold that orders of remand are akin to dispositive orders, and that it is difficult to "auger" what the First Circuit might conclude. Valley Mgmt. v. Boston Rd. Mobile Home Park Tenants' Ass'n, 736 F. Supp. 2d 344, 346-47 (D. Mass. 2010). I agree with him that it is more expeditious to simply offer a recommended decision. Id. at 347. Although it is not determinative of the issue, I note that orders of remand are non-appealable orders and would only be subject to appeal if this Court were to dispose of the matter on the basis of a magistrate judge's order rather than recommendation. Gordon, 979 F.2d at 13-14.

timely removed from the state court.  Consequently, I do not address the merits of the defendants' motion to dismiss but rather recommend that the Court remand this case to the Washington County Superior Court.

## Removal Jurisdiction

Pursuant to federal law, a defendant in a lawsuit commenced in a state trial court may elect to remove the lawsuit to federal district court if the action is one over which the district court would have original jurisdiction.  28 U.S.C. § 1441(a).  One basis for the district court's exercise of original jurisdiction is diversity jurisdiction, where the case is limited to state law claims, but the defendants are all citizens of a state different than the state in which the plaintiff resides, the amount in controversy exceeds $75,000, and no party defendant is a citizen of the state in which the action is brought.  Id. § 1332, 1441(b)(2).  The procedure for removing a case from state court is found in 28 U.S.C. § 1446.  The procedure for seeking remand is found in 28 U.S.C. § 1447.  Pursuant to 28 U.S.C. § 1446(b)(1), Bank of New York Mellon needed to file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Bank of New York Mellon bases removal on the existence of diversity jurisdiction.  The two issues raised by the removal are whether the notice of removal was timely and whether the amount in controversy is sufficient to support diversity jurisdiction.  It is undisputed that there is complete diversity of citizenship among the parties and that neither defendant is a citizen of Maine.[2]  As for the amount in controversy, English seeks a court order that would, among other

---

[2]   According to English's amended complaint, she was a resident of New Jersey at the time of filing. According to her response in opposition to the defendants' motion to dismiss, English is presently a resident of Maine.  According to the Notice of Removal, Bank of New York Mellon is a resident of New York and Bank of America is a resident of North Carolina.

2

things, eliminate any "estate, right, title or interest" the defendants may claim in real estate she owns in Milbridge, Maine.  (Am. Compl. at 12, ¶ D.)  Because she does not seek money damages but instead seeks injunctive or declaratory relief, the amount in controversy is determined by "the value of the object of the litigation."  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  In the instant case, the chief object of English's action is to obtain an order invalidating or discharging her note and mortgage deed, making it appropriate to look to the value of either the note or the property to determine the amount in controversy.  The removing defendant has demonstrated by a preponderance of the evidence that both the note and the property have value in excess of $75,000.[3]  Because both the loan payoff figure and the property value are in excess of $75,000, there is no need to determine whether the loan payoff or the property value is the more appropriate measure of the amount in controversy.  The real issue involves the timing of Bank of New York Mellon's notice of removal.  The following background facts are offered concerning the timeliness of removal.

## BACKGROUND

English began this litigation with a complaint that is not among the removal papers. English later amended her complaint on November 26, 2012, at the direction of the state court. The amended complaint (ECF No. 1-4) is attached to the notice of removal.  The caption of the

---

[3]   The Bank attaches English's 2012 Real Estate Tax Bill which shows a property valuation of $129,500. (ECF No. 1-13.)  An affidavit from defense counsel states that the 2012 tax bill is a true and correct copy of a bill received from the Milbridge town clerk.  (Affidavit of Rufus Brown ¶¶ 4-5, ECF No. 15-1.)  As a fallback, the Bank says that the payoff amount on the note was $75,874.11, as of July 15, 2013.  (Notice of Removal ¶ 16.)  In support of the payoff amount, the Bank offers a Payoff Demand Statement authored by co-defendant Bank of America. (ECF No. 1-14.)  This exhibit states that the payoff figure includes $9500 in interest dating back to August 2010 and an escrow balance of just under $9000.  The principal amount is $55,380.99.  Disputed "fees" of $2000 take the sum over the $75,000 threshold.  Bank of New York Mellon attaches to its reply memorandum an affidavit attesting to the accuracy of the payoff figures.  (Affidavit of Danielle Burnette ¶ 6, ECF No. 15-2.)  English disputes the payoff figures, but her showing tends to reinforce the existence of a controversy over the amount owed rather than to establish that the amount in controversy is, in fact, $75,000 or less.  (Objection to Notice of Removal, Exhibit Letter to Pamela McPherson, Clerk, Wash. Cty. Sup. Ct., ECF No. 8-1.)

amended complaint does not identify Bank of New York Mellon as a defendant.[4]  Similarly, its recital of the parties includes only the plaintiff and the Bank of America N.A.  In the body of the amended complaint English asserts that she was told that her "loan" was held in a trust with the Bank of New York Mellon.  (Id. at 6, count III ¶ 2.)  Bank of New York Mellon does not otherwise feature in the amended complaint.  However, the main objective of English's amended complaint is to obtain an order invalidating the mortgage note.

English says she served her original summons and complaint on both Bank of America and on Bank of New York Mellon on August 25, 2012.  (Id. ¶ 13.)  The state court record filed by Bank of New York Mellon includes a summons dated August 25, 2012, but it appears to be related to an invoice for service performed by the York County Sheriff's Office on a Maine law office.  (ECF No. 12-2, PageID ## 294-95.)  The record does not include any affidavit of service associated with the August 2012 summons, let alone an affidavit describing service of the August 2012 summons on Bank of New York Mellon.

On March 11, 2013, the Superior Court issued a decision and order requiring that English serve Bank of New York Mellon with an amended complaint and a copy of the court's March 11 decision and order.  The Superior Court's March 11 decision and order denied a motion to dismiss filed by Bank of America.  (ECF No. 1-1.)  According to the Superior Court, it appeared that Bank of New York Mellon was the assignee mortgagee, whereas Bank of America held English's promissory note.  In the body of its decision and order the Court addressed the issue of whether Bank of New York Mellon was a necessary party to English's action.  (Id. at 5.)  The Court concluded that there was a strong indication that it was, because documentation stated that Countrywide assigned the mortgage to Bank of New York Mellon as a trustee to a "pooling and

---

[4]     In addition to Bank of America, English lists "XYZ Corporations" as unknown defendants in her caption and seeks to pursue her cause against Bank of America's "successors and/or assigns."  (Am. Compl. ¶ 3.)

4

servicing agreement." (Id. at 6.) The Court therefore ordered that English have 60 days to serve her complaint and a copy of the Court's order on Bank of New York Mellon and to file an appropriate proof of service with the Court. (Id.)

Bank of New York Mellon's removal papers include an affidavit of service completed by a New York process server in April 2013. (ECF No. 12-4, PageID # 462.) English also attached this exhibit to her opposition papers. (ECF No. 13-6, PageID # 566.) The affidavit of service states that an authorized agent of Bank of New York Mellon was served on March 22, 2013, at One Wall Street, New York, New York, with a summons, the amended complaint and several exhibits, as well as the Superior Court's decision and order. (Aff. of Service, ECF No. 13-6.)

The Superior Court held a status conference on July 1, 2013, to address "service of an amended complaint on Bank of New York Mellon, as discussed in the court's order dated March 11, 2013." (ECF Nos. 1-2, 1-12.[5]) The court wrote that "Attorney Brown indicated that he was prepared to, on behalf of Bank of New York Mellon, accept service." (Id.) At the time, the court had before it a motion for default filed by English. The court did not address in its status conference order the question of whether Bank of New York Mellon was effectively served by the New York service agent or not. Instead, the court stated that "Attorney Brown indicated that he was prepared to, on behalf of Bank of New York Mellon, accept service." (Id.) The court stated that Attorney Brown would file a responsive pleading on behalf of Bank of New York Mellon and that Bank of New York Mellon would be deemed a party to the proceedings as of that date. (Id.) The court "deemed moot" English's motion for default, making no finding regarding the effectiveness of the March 2013 service. (Id.)

Bank of New York Mellon's responsive pleading was its notice of removal, filed July 22, 2013, within 30 days of counsel's acceptance of service, but well beyond 30 days after the March

---

[5]   Bank of New York Mellon filed the Superior Court's status conference order twice.

2013 service.  (Notice of Removal, ECF No. 1.)  English filed an "objection" to the removal notice on July 29, 2013.  (Objection to Notice of Removal, ECF No. 8.)  On July 31, 2013, the bank defendants filed a joint motion to dismiss or for judgment on the pleadings.  (Motion to Dismiss/Motion for Judgment on the Pleadings, ECF No. 11.)  English filed a response to the motion to dismiss and the banks replied.  (Response to Motion, ECF No. 13;  Reply, ECF No. 16.)

  On September 3, 2013, I issued an order to show cause or clarify the record as to "(1) how plaintiff's complaint alleges an amount in controversy in excess of $75,000.00, without regard for defendant's position regarding amounts owed to it by way of its own demand and (2) when Bank of New York Mellon received actual notice that plaintiff's complaint was amended to add it as a defendant." (Order to Show Cause at 3, ECF No. 17.)  Bank of New York Mellon responded to the order on September 23, 2012.  In its response, Bank of New York Mellon says that it matters not when it received notice because "mere receipt of the complaint unattended by any formal service" does not amount to service, quoting <u>Murphy Bros. v. Michetti Pipe Stringing</u>, 526 U.S. 344, 348 (1999).  (Response to Order to Show Cause at 4, ECF No. 19.)  According to Bank of New York Mellon, "[i]t is undisputed that Plaintiff's March 22, 2013 service of process was defective" because English served it with an amended complaint and a summons that failed to name Bank of New York Mellon.  (<u>Id.</u> at 4 & n.3.)  English acknowledges that the amended complaint (the currently operative complaint) does not name Bank of New York Mellon, but asserts that this should not render service ineffective.  (Pl.'s Reply re Order to Show Cause at 5, ECF No. 20.)  The summons served on March 22 does not appear to be anywhere in the record.  Consequently, it is not apparent that the March 2013 summons failed to name Bank of New York Mellon as a defendant.

**DISCUSSION**

When I issued the order to show cause, it was apparent from the filings that Bank of New York Mellon was in fact *served* with a copy of an amended complaint, with the Superior Court order concerning Bank of New York Mellon's necessary party status, and other papers before the Superior Court deemed that Bank of New York Mellon had accepted service. It was primarily due to the March 2013 affidavit of service that I directed Bank of New York Mellon to supplement its position concerning removal. The removal statute requires the removing party to provide the Court with a copy of, among other things, "all process." 28 U.S.C. § 1446(a). Bank of New York Mellon did not include any process whatsoever with its notice of removal. It later filed the affidavit of service with the state court record but did not include in its papers the summons served on March 22, 2013.

The Maine Rules of Civil Procedure, like the Federal Rules, require that complaints name every defendant. Me. R. Civ. P. 10(a); Fed. R. Civ. P. 10(a). The Maine Rules also state that a summons "shall" contain the names of the parties. Me. R. Civ. P. 4(a), (b). "It is the service of the summons, and not the proof of service, that gives jurisdiction." Christensen-Towne v. Dorey, 2002 ME 121, ¶ 4, 802 A.2d 1010, 1012 (quoting 1 Field, McKusick & Wroth, Maine Civil Practice § 4.15 (2d ed. 1970)). A process server's affidavit of service generally serves as prima facie proof of service. Vargelis v. Minieri, 620 A.2d 275, 276 (Me. 1993) ("The return of service of process by an officer should be given 'a presumption of regularity which may be overturned by positive evidence that the defendant was not in fact served.'") (quoting 1 Field, McKusick & Wroth, Maine Civil Practice § 4.14 (2d ed. 1970)). See also Jackson v. Borkowski, 627 A.2d 1010, 1012 (Me. 1993) ("The requirement for proof of . . . service is intended to provide the court assurance that the defendant has adequate notice and will not be prejudiced by

7

having to defend a stale claim."). If the defendant was actually notified of the pendency of an action against it by the service it received, the court should hesitate to find service ineffective based on technical noncompliance with Rule 4. Vargelis, 620 A.2d at 276.

In the context of disputes over removal jurisdiction, it is the removing defendant's burden to show that removal was proper. Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008). "Among the elements of removal that a defendant must prove by a preponderance of the evidence is its timeliness." McCormick v. Festiva Dev. Group, LLC, No. 09-cv-365-P-S, 2009 U.S. Dist. Lexis 126107, at *3, 2009 WL 3615021, at *1 (D. Me. Oct. 27, 2009) (recommendation on motion to remand, mooted upon plaintiff's withdrawal of motion to remand); see also Kingsley v. Lania, 221 F. Supp. 2d 93, 95 (D. Mass. 2002) ("[U]pon a motion to remand, the burden is upon the removing party to show that . . . removal was timely . . ."). "Removal statutes should be strictly construed against removal and doubts resolved in favor of remand." Kingsley, 221 F. Supp. at 95. "All doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

Here, construing the amended complaint in tandem with the Superior Court's order describing Bank of New York Mellon as a necessary party, I conclude that Bank of New York Mellon was served with a pleading that effectively named it a party to the action for purposes of Rule 10 of the Maine Rules of Civil Procedure and 28 U.S.C. § 1446(b)(1). Additionally, although Bank of New York Mellon represents that it was not named in the summons served on March 22, 2013, it has not provided the court with a copy of the allegedly defective summons despite representing that it has seen the summons. On this showing, Bank of New York Mellon fails to carry its burden of establishing that it was not effectively served on March 22, 2013, or that its July 22 notice of removal was timely.

## CONCLUSION

Although the basis for diversity jurisdiction is established by the record, Bank of New York Mellon has failed to demonstrate that it timely removed this action. For that reason, I recommend that the Court remand the case to the Washington County Superior Court for any further action to be taken in connection with the defendants' motion to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 18, 2013                      /s/ Margaret J. Kravchuk
                                       U.S. Magistrate Judge