UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARILYN ENGLISH, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:13-cv-00265-DBH |
| | ) |
| BANK OF AMERICA NA, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER RE: MOTION FOR
RECONSIDERATION (ECF NO. 25)**

Today, October 29, 2013, considerably more than thirty days after it was "deemed" a party to this proceeding, Bank of New York Mellon has filed an exhibit (ECF No. 28) to supplement its removal papers that includes a letter from Bank of America's prior counsel dated May 15, 2013, explaining the alleged defects in the March 22, 2013, service of process made on Bank of New York Mellon. Bank of New York Mellon's removal papers include an affidavit of service completed by a New York process server in April 2013. (ECF No. 12-4, PageID # 462.) English also attached this exhibit to her opposition papers. (ECF No. 13-6, PageID # 566.) The affidavit of service states that an authorized agent of Bank of New York Mellon was served on March 22, 2013, at One Wall Street, New York, New York, with a summons, the amended complaint, and several exhibits, as well as the Superior Court's decision and order.

My recommendation concerning remand turned on two simple points, one relating to federal law and one relating to state law. First, in the context of disputes over removal jurisdiction, it is the removing defendant's burden to show that removal was proper. Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008). "Among the elements of removal that a defendant must prove by a preponderance of the evidence is its timeliness."

McCormick v. Festiva Dev. Group, LLC, No. 09-cv-365-P-S, 2009 U.S. Dist. Lexis 126107, at *3, 2009 WL 3615021, at *1 (D. Me. Oct. 27, 2009) (recommendation on motion to remand, mooted upon plaintiff's withdrawal of motion to remand). "Removal statutes should be strictly construed against removal and doubts resolved in favor of remand." Kingsley v. Lania, 221 F. Supp. 93 at 95 (D. Mass. 2002). "All doubts are to be resolved against removal." Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

Second, under Maine law "[i]t is the service of the summons, and not the proof of service, that gives jurisdiction." Christensen-Towne v. Dorey, 2002 ME 121, ¶ 4, 802 A.2d 1010, 1012 (quoting 1 Field, McKusick & Wroth, Maine Civil Practice § 4.15 (2d ed. 1970)). A process server's affidavit of service generally serves as prima facie proof of service. Vargelis v. Minieri, 620 A.2d 275, 276 (Me. 1993) ("The return of service of process by an officer should be given 'a presumption of regularity which may be overturned by positive evidence that the defendant was not in fact served.'") (quoting 1 Field, McKusick & Wroth, Maine Civil Practice § 4.14 (2d ed. 1970)). See also Jackson v. Borkowski, 627 A.2d 1010, 1012 (Me. 1993) ("The requirement for proof of . . . service is intended to provide the court assurance that the defendant has adequate notice and will not be prejudiced by having to defend a stale claim."). If the defendant was actually notified of the pendency of an action against it by the service it received, the court should hesitate to find service ineffective based on technical noncompliance with Rule 4. Vargelis, 620 A.2d at 276.

I spent a great deal of time scouring the removal papers attempting to ascertain what defect, if any, Bank of New York Mellon claimed existed in the summons served upon it in March. I found nothing because the removed papers did not contain the March 2013 summons purportedly attached to the letter from Bank of America's counsel that is the new exhibit in

2

support of the motion for reconsideration. The motion for reconsideration is denied. I cannot reconsider what I never had before me to consider when I issued my recommendation. Moreover, even if the Exhibit A filed on this date includes a copy of the summons served on Bank of New York Mellon in March 2012, Bank of New York Mellon has only now effectively supported its notice of removal with a necessary "process" exhibit. As of this date, we are well beyond the 30-day period for removal even if this Court rejects the earlier recommendation and finds that the effective date of service was July 1, 2013.

The motion for stay is also denied, although I will grant the defendants a brief extension to file their objections to my recommended decision, until November 14, 2013.[1]

*So Ordered.*

October 29, 2013                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge

---

[1] This is a case where Bank of America, the original named defendant and primary party from whom plaintiff seeks an accounting of funds, obtained an adverse ruling in state court and then used the claimed "defective" service on Bank of New York Mellon to obtain an untimely removal of this case. In the final analysis, what is most troubling about this case is not plaintiff's claim against Bank of New York Mellon to have her mortgage declared invalid. The disturbing part of this case is the plaintiff's claim that she cannot obtain any information from Bank of America regarding an accounting as to the status of her mortgage and the manner in which Bank of America applied funds she furnished to the bank. In my view, those issues should properly be addressed in the state court, where this case began back in June 2012.