# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| **MARILYNN ENGLISH,** | ) |
| | ) |
|       **PLAINTIFF** | ) |
| | ) |
| v. | )    **CIVIL NO. 1:13-CV-265-DBH** |
| | ) |
| **BANK OF AMERICA, N.A., ET AL.,** | ) |
| | ) |
|       **DEFENDANTS** | ) |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On October 18, 2013, the United States Magistrate Judge filed with the court, with copies to the parties, her Recommended Decision Concerning Removal Jurisdiction and Defendants' Motion to Dismiss (ECF No. 23). The defendant The Bank of New York Mellon filed an objection to the Recommended Decision on November 14, 2013. Def. The Bank of New York Mellon's Objection to Magistrate Judge's Recommendation for Remand (ECF No. 31). I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as amended or clarified below, and determine that no further proceeding is necessary.

In addition to the Magistrate Judge's proper analysis of the process issue, given the documents presented to her, I make the following additional observations. The Bank of New York Mellon complains that the Magistrate Judge did not address its argument that, wholly apart from the summons, the amended complaint itself was defective when it was served in March 2013 and therefore could not start the 30-day removal limitations period running. Def. The Bank of New York Mellon's Objection to Magistrate Judge's Recommendation for Remand at 2 n.3 & 4 n.4. But the plaintiff was complying with the Maine Superior Court's Order of March 11, 2013, which stated: "Based upon the present pleadings, Plaintiff should have served Bank of New York Mellon as a potentially necessary party to this action in order to permit a full determination of the issues. M.R. Civ. P. 19(a), 21; 14 M.R.S. § 5963. Plaintiff is provided 60 days to serve *the complaint* and a copy of this order on Bank of New York Mellon and file appropriate proof of service with the Court." Order at 6 (emphasis added). There was no requirement that the plaintiff amend her amended complaint once again before serving it as the state court justice required. Although reserving judgment on whether The Bank of New York Mellon truly was a necessary party, id. n.5, the court went on to strike certain matters from the amended complaint and order that "Defendants shall accordingly respond only to the claims for quiet title and declaratory judgment as identified in this order." id. at 7, and as #2 of its final entry in that document, stated "Plaintiff is provided 60 days to serve Bank of New York Mellon and join it to this action." Id. The plaintiff did serve the amended

complaint and the court's decision and order on The Bank of New York Mellon. See Aff. of Service (ECF No. 13-6). Then, in a July 1, 2013, Status Conference Order where The Bank of New York Mellon's counsel agreed to accept service, the state court justice stated: "by this Order, the Court directs Attorney Brown to file a responsive pleading on behalf of Bank of New York Mellon to the previously filed complaint." There was no suggestion of any defect in the amended complaint that had been served.[1] The state court justice was in the best position to determine if the amended complaint was defective as to The Bank of New York Mellon. (Whether the complaint was defective for service purposes is distinct from whether it fails to state a claim under Rule 12(b)(6).)

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The case is **REMANDED** to the Maine Superior Court (Washington County) for any further action to be taken in connection with the defendants' motion to dismiss.

**SO ORDERED.**

**DATED THIS 9TH DAY OF DECEMBER, 2013**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] I do not agree with The Bank of New York Mellon that the state justice's deeming it a party as of the date of that order somehow confirmed that the process was defective. Objection at 2.